RECEIVED

UNION CORRECTIONAL INSTITUTION

OCT 01 2019

BY: _____

FOR MAILING

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA

<u>TALLAHASSEE</u> DIVISION

*SECOND* (AMENDED COMPLAINT)

## CIVIL RIGHTS COMPLAINT FORM
### <u>TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983</u>

WALLACE GARY COLLIER
<u>A.K.A.- GARY WINTERS</u> ,

Inmate # <u>081345</u> .
   (Enter full name of Plaintiff)

vs.

CASE NO: <u>4:19 cv 53-RH/CAS</u>
   (To be assigned by Clerk)

<u>JULIE L. JONES, SEC., F.D.C.</u>
<u>WOODROW A. MYERS, C.O.O., CORIZON,</u>
<u>CORIZON HEALTH SERVICES</u>

_____ ,

_____ .

(Enter name and title of each Defendant.

If additional space is required, use the

blank area below and directly to the right.)

### <u>ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:</u>

FILED USDC FLND TL
OCT 7 '19 PM1:47

## I.   PLAINTIFF:

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff:    WALLACE GARY COLLIER
Inmate Number         081345
Prison or Jail:       UNION CORR. INST.
Mailing address:      P.O. BOX 1000
                      RAIFORD, FLORIDA
                               32083

## II.   DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address.  Do the same for every Defendant:

(1)   Defendant's name:    JULIE L. JONES
      Official position:   SECRETARY, F.D.C. (FORMER)
      Employed at:         FLA. DEPT. OF CORR.
      Mailing address:     501 CALHOUN ST.
                           TALLAHASSEE, FLA. 32399

(2)   Defendant's name:    WOODROW A. MYERS
      Official position:   CHIEF OPER. OFFICER
      Employed at:         CORIZON
      Mailing address:     103 POWELL CT.
                           BRENTWOOD, TENN. 37027

(3)   Defendant's name:    CORIZON HEALTH SERVICES
      Official position:   FORMER CONTRACTED HEALTH
      Employed at:         CARE PROVIDER FOR FDC
      Mailing address:     103 POWELL CT.
                           BRENTWOOD, TENN. 37027

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

2

III.     **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal. SEE EXHIBIT A**

IV.     **PREVIOUS LAWSUITS**

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

      A.     Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
          Yes(  )                    No(✓)

          1.     Parties to previous action:
              (a)     Plaintiff(s): _____
              (b)     Defendant(s): _____

          2.     Name of judge: _____     Case #: _____
          3.     County and judicial circuit: _____
          4.     Approximate filing date: _____
          5.     If not still pending, date of dismissal: _____
          6.     Reason for dismissal: _____
          7.     Facts and claims of case: _____
            _____

            **(Attach additional pages as necessary to list state court cases.)**

      B.     Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

          Yes(  )                    No(✓)

          1.     Parties to previous action:
              a.     Plaintiff(s): _____
              b.     Defendant(s): _____

          2.     District and judicial division: _____
          3.     Name of judge: _____     Case #: _____
          4.     Approximate filing date: _____
          5.     If not still pending, date of dismissal: _____
          6.     Reason for dismissal: _____

7.  Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C.  Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( ✓ )                    No(  )

If YES, describe each action in the space provided below.  If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1.  Parties to previous action:
    a.  Plaintiff(s): WALLACE GARY COLLIER
    b.  Defendant(s): ZEARAH JACKSON eT. al.
2.  District and judicial division: MIDDLE DIST., JACKSONVILLE
3.  Name of judge: MARCIA M. HOWARD   Case #: 3:09 cv 935-J-34
4.  Approximate filing date: 9-7-2009
5.  If not still pending, date of dismissal: 1-20-2010
6.  Reason for dismissal: FAILURE TO STATE A CLAIM
7.  Facts and claims of case: THIS 42 USC 1983 complAINT WAS agaiNST PRIDE INDUSTRIES AND CONCERNED PRISON INDUSTRY WAGES.

**(Attach additional pages as necessary to list cases.)**

D.  Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case so dismissed:

Yes( ✓ ) SEE ABOVE   No(  )

1.  Parties to previous action:
    a.  Plaintiff(s): _____
    b.  Defendant(s): _____
2.  District and judicial division: _____
3.  Name of judge: _____  Case Docket # _____
4.  Approximate filing date: _____ Dismissal date: _____
5.  Reason for dismissal: _____

4

6.      Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

## V.      STATEMENT OF FACTS:

State briefly the FACTS of this case.  Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim.  In describing what happened, state the names of persons involved, dates, and places.  <u>Do not make any legal arguments or cite to any cases or statutes.</u>  You must set forth separate factual allegations in separately numbered paragraphs.  You may make copies of this page if necessary to supply all the facts.  Barring extraordinary circumstances, no more than five (5) additional pages should be attached.  **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

SEE V. STATEMENT OF FACTS, PAGE 6

## V. STATEMENT OF FACTS

**1**. Plaintiff, WALLACE GARY COLLIER, is and was at all times mentioned herein a prisoner of the State of Florida at Union Correctional Institution, committed to the custody of the Florida Department of Corrections (FDC) under the name of Gary Winters.

**2**. Defendants Julie L. Jones and Woodrow A. Myers are sued in their individual capacity. Defendant Corizon is sued in it's official capacity as the functional equivalent of the State. At all times mentioned in this complaint each Defendant acted under color of State Law.

**3**. In May of 2007 Plaintiff was diagnosed with Hepatitis C Virus (HCV) at Union Correctional Institution and started receiving cursory monitoring every six months, or so, in what is called a Chronic Illness Clinic (C.I.C.). Plaintiff was mostly asymptomatic at the time except for tiredness and minor pain. Over the next seven years Plaintiff continued to receive inadequate evaluations without seeing a specialist or receiving proper testing for liver damage. (In hind-sight).

**4**. In 2014 a new treatment for HCV came out, Direct Acting Antivirals (DAA's). It was a break-through cure, 97% effective with minimal side effects. It was expensive. Corizon doctors felt no need to inform Plaintiff of these new drugs. Plaintiff learned of the DAA's from television and magazine advertisements in mid 2015.

6

5. Plaintiff requested to see a specialist and to receive treatment, numerous times, to no avail, in 2015, 16 and 17. During this time period Corizon doctors assured Plaintiff at numerous C.I.C.'s that his liver enzyme levels (AST / ALT) were good and there were no indications of damage to his liver.

6. The standard of care for HCV, as defined by the Center for Disease Control (CDC), The American Association for the Study of Liver Disease (AASLD), and the Infectious Disease Society of America (IDSA) is DAA treatment as soon as possible for all HCV infected people who are without contra-indications against treatment. Plaintiff did not possess any contra-indications. There was no medical reason for non-treatment.

7. According to expert testimony from a 2017 Northern District of Florida Civil Case and the HCV Guidance, "the extent of liver scarring a patient has does not necessarily correlate with the symptoms they are suffering. For instance, somebody can be completely asymptomatic and present with cirrhosis. Nor do symptoms have anything to do with what the risk is of liver failure."

8. When Defendant Julie L. Jones took over as Secretary of the FDC in January, 2015 the custom and practice of denial of treatment for HCV infected inmates was on-going. Some FDC officials were growing concerned that inmates were dying because they were not being treated. FDC Administrator, Thomas Reimers, prepared a legislative budget request in 2015 for 6.5 million dollars to obtain

7

DAA's for the 2016-2017 fiscal year. Someone in FDC denied the request. Again, in 2016 Mr. Reimers prepared a 29 million dollar request which also was denied within the FDC. The Custom and Practice of non-treatment continued.

**9**. These two requests for funds gave notice to Defendant Julie L. Jones that men were dying and money was needed to treat this epidemic of HCV infections, which included Plaintiff. Defendant Jones either personally denied the request for funds or otherwise approved the denial. The answer to who denied these funds will not be known by Plaintiff until discovery.

**10**. Defendants Woodrow A. Myers and Corizon were the Health Care Providers at Union Correctional Institution when Defendant Julie L. Jones became Secretary of the FDC in January, 2015.

**11**. In early 2016 Plaintiff questioned Corizon Doctor Haddad concerning treatment with DAA's and was told that they were very expensive and no funding was being made available (by FDC or Corizon). When Corizon and the FDC ended their contract in mid 2016 Doctor Haddad switched to the incoming Health Care Provider, Centurion.  At Plaintiff's next C.I.C. in August of 2016 Doctor Haddad made note that "Patient requests treatment with DAA's."

**12**. In a deposition in a federal civil case in Alabama, 2015, Doctor Hood, a Corizon doctor stated, "Corizon is a full risk Health Care Provider. Corizon assesses the inmate population and creates a budget. Then, for a pre-arranged

8

contract price Corizon employs all medical staff in the facility and covers the cost of medication, off site referrals, and hospitalization."

**13**. Defendant Myers knew from Corizon's assessment in Florida that there existed a significant number of HCV infected inmates who needed proper evaluation and care. Plaintiff was one of these inmates.

**14**. Defendant Myers, C.O.O. of Corizon has provided health care services for numerous prison systems across the country. He is well aware of the national standard of Care required and the associated cost to provide said care for HCV inmates.

**15**. The numbers speak for themselves. Woodrow Myers and Corizon did not fulfill their contractual obligations nor, most importantly, their Constitutional obligations as the functional equivalent of the State. This was due to the Custom and Practice of non-treatment of HCV inmates in the facilities in Florida where they provided Health Care Services.  This Custom and Practice started at the top, Defendant Woodrow Myers, and was passed down to the constantly changing Administrators and doctors employed by him.

**16**. In 2015, Thomas Reimers, FDC Administrator / Director of Health Services, who was responsible for over-seeing the Health Service Provider Corizon, contacted them and expressed grave concerns that inmates were dying from lack of treatment for HCV, putting Woodrow Myers and Corizon on notice that this was

unacceptable. However, the Custom and Practice of non-treatment continued.

**17**. On November 17, 2017 a Federal Court Injunction was granted against FDC Secretary Julie L. Jones and a time line for treatment with DAA's ordered.

**18**. The single most damaging evidence of the wide-spread abuse suffered by HCV inmates, Plaintiff included, at the hands of Defendant Julie L. Jones and her complicity with Defendants Woodrow A. Myers and Corizon, is the minuscule number of inmates actually treated with DAA's in the four (4) years between the time the drug was made available and the time the N.D. of Florida Court issued the injunction, forcing treatment. Of the 7,000 inmates known to be infected only thirteen (13) had been treated. Three (3) of those were Plaintiff's in the above mentioned injunction.

**19**. In one year after the Court ordered treatment started a minimum of one hundred (100) men with serious liver damage were treated at Union Correctional Institution alone, which adds up to thousands state-wide. Plaintiff was one of those treated.

**20**. A majority of these men, like Plaintiff, were asymptomatic and had no idea that their liver was irreparably damaged by the HCV until the Court ordered treatment and they were given a pre-treatment fibrosis test, a test that should have been given years ago. The fibrosis test determined that Plaintiff suffered from advanced fibrosis of the liver. Just a few months earlier at a C.I.C. Plaintiff's liver had been

10

determined healthy.

**21**. Plaintiff's learning of the true condition of his liver, advanced fibrosis, around January, 2018 was the causation bringing about this complaint.

**22**. Plaintiff began the Court ordered treatment on August 22, 2018 and finished on November 13, 2018. Successful treatment, however, has not eliminated the advanced fibrosis of the liver that Plaintiff suffers due to the long delay in treatment. According to the C.D.C., AASLD, and IDSA, this condition leaves Plaintiff with a two (2) to five (5) times higher probability of developing cirrhosis or cancer of the liver than if he had been treated at an earlier stage.

**23**. Each Defendants Custom and Practice of non-treatment was the moving force behind Plaintiff's constitutional deprivation, accomplished by the denial of funds by Julie L. Jones and Woodrow A. Myers, to purchase DAA's.

**24**. Non-treatment, based on the evidence, was a deliberate choice of Defendants Julie L. Jones, Woodrow A. Myers and Corizon.

**25**. Each Defendant was personally aware of the thousands of HCV infected inmates in need of treatment.

**26**. There do not exist any plausible alternative reasons for the actions of the Defendants other than to save money (Julie L. Jones) and for profit (Woodrow A. Myers and Corizon), at the expense of the inmates health, including Plaintiff.

**27**. Plaintiff had no other recourse for medical care other than what was made

11

available by the Defendants. The care provided was grossly inadequate. It is unconscionable what has taken place here. Many have died and more will die.

28. Plaintiff has suffered long term mental and emotional injury and permanent, potentially deadly, physical injury due to each Defendants deliberate indifference to his serious medical need.

12

## VI.  STATEMENT OF CLAIMS:

Plaintiff realleges and incorporates by reference all facts in sections   I. through V. of this complaint.

Defendants Julie L. Jones, Woodrow A. Myers and Corizon, acting under color of State Law, violated Plaintiff's United States Constitution, Eighth Amendment Right prohibiting cruel and unusual punishment by deliberate indifference to Plaintiff's serious medical needs. This deliberate indifference resulted in serious injury to Plaintiff, advanced fibrosis of the liver, a direct result of the Custom, Practice and Policy of Defendants wide-spread denial of treatment for HCV patients.

## VII.  RELIEF REQUESTED:

Plaintiff seeks judgment granting compensatory damages in the amount of $100,000.00 against each Defendant, jointly and severally, and punitive damages in the amount of $50,000.00 against each Defendant. Plaintiff seeks costs and any additional relief this Court deems just, proper, and equitable.

**VI.   STATEMENT OF CLAIMS:**  SEE PAGE 13.

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific.  Number each separate claim and relate it to the facts alleged in Section V.  **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

_____

_____

_____

_____

_____

_____

_____

_____

**VII.   RELIEF REQUESTED:**  SEE PAGE 13.

State briefly what relief you seek from the Court.  Do not make legal arguments or cite to cases/ statutes.

_____

_____

_____

_____

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

_____10-1-19_____                    _____Wallace Gary Collier_____
       (Date)                                 (Signature of Plaintiff)

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on:
the _1ST_ day of _October_, 20 _19_.

_____Wallace Gary Collier_____
       (Signature of Plaintiff)

Revised 03/07

WALLACE GARY COLLIER 081345
UNION CORRECTION INSTITUTION
P.O. BOX 1000
RAIFORD, FLORIDA   32083
14

# EXHIBIT A

FLORIDA DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

"MEDICAL GRIEVANCE"

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☒ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

WINTERS , GARY L.                081345          UNION C.I.
Last      First    Middle Initial    DC Number          Institution

Part A – Inmate Grievance

Pursuant to F.A.C. 33-103 I submit this formal grievance with the claim of deliberate indifference to my serious medical needs by the denial of treatment for hepatitus C virus diagnosed in 2007. This deliberate indifference has resulted in my present condition of advanced fibrosis of the liver. My documented requests for treatment have been ignored. Due to the long delay in treatment and the resulting advanced fibrosis I now face a high risk of developing life threatening cirrhosis and cancer. This "cruel and unusual punishment" is prohibited by the 8th Amendment of the U.S. Constitution.

Pursuant to the recent injunctive relief provided by the United States District Northern District of Florida Court, I request immediate treatment. I offer the following settlement to the Florida Dept of Corrections, private health providers Corizon and Centurion, including the as yet unnamed individuals in their official capacities who bear responsibility. My offer is compensation in the amount of one hundred thousand dollars $(100,000.⁰⁰) within 90 days of this date.

SEE ATTACHED
RESPONSE

July 5th, 2018          Gary Winters  081345
DATE              SIGNATURE OF GRIEVANT AND D.C. #

# 1

Signature

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

PART B - RESPONSE

| WINTERS, GARY | 081345 | 1807-213-022 | UNION C.I. | A12021 |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Log #1807-213-022

THIS DOCUMENT MAY CONTAIN CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Your request for Administrative Remedy or Appeal has been reviewed and evaluated.

Review of your medical records indicate that you are receiving treatment and are being closely monitored by healthcare staff.

Based on the above information, your grievance is denied.

You may obtain further administrative review of your complaint by obtaining Form DC1-303, Request for Administrative Remedy or Appeal, completing the form, and providing attachments as required by Chapter 33-103 and forwarding your appeal to the Bureau of Inmate Grievance Appeals, 501 South Calhoun St., Tallahassee, Florida, 32399-2500, within 15 calendar days of this mailed response.

T. Knox, Assistant Warden

E. Perez, CHO

SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE

DATE

MAILED
JUL 18 2018
UCI GRIEVANCE OFFICE

FLORIDA DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

"MEDICAL"

☐ Third Party Grievance Alleging Sexual Abuse

TO:  ☐ Warden   ☐ Assistant Warden   ☑ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

WINTERS, GARY L.        081345        UNION C.I.
Last    First   Middle Initial          DC Number      Institution

RECEIVED
JUL 2 6 2018
Bureau of Inmate Grievance Appeals

**Part A – Inmate Grievance**        18-6-31290

This is an appeal of the denial of my formal grievance filed at the institutional level on July 5th, 2018 and denied on July 18th, 2018. The issue of my grievance, deliberate indifference to my serious medical needs in violation of the 8th Amendment of the U.S. Constitution's prohibition against cruel and unusual punishment, was not addressed in the denial. I request a response to this issue. (see attached grievance and response)

I have made a fair offer for compensation to remedy this situation, which will be withdrawn on October 3, 2018.

July 23, 2018        Gary Winters  081345
DATE                 SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

_____ / _____
    #        Signature

AUG 29 2018

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| WINTERS, GARY | 081345 | 18-6-31297 | UNION C.I. | A12021 |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

In addition, the institution was contacted and they provided this office with information regarding the issues you presented.

The Department is in the process of identifying and prioritizing all patients diagnosed with Hepatitis C, in accordance with HSB 15.03.09, Supplement 3.   This process includes education, screening and evaluation for appropriateness of treatment, and will provide the Department with the necessary information needed to properly stage, monitor, and treat your case.

Meanwhile, you will continue to be monitored in the chronic illness clinic including diagnostic testing.

Should you experience problems, sick call is available so that you may present your concerns to your health care staff.

CONFIDENTIAL
THIS DOCUMENT MAY CONTAIN CONFIDENTIAL HEALTH RECORD/ CARE INFORMATION INTENDED FOR THIS ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Michelle Schouest, IISC

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

WALLACE GARY COLLIER 081345
UNION CORRECTIONAL INSTITUTION
P.O. Box 1000
RAIFORD, FLORIDA   32083



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
OFFICE OF THE CLERK
111 NORTH ADAMS ST. SUITE 322
TALLAHASSEE, FLORIDA 32301-7730

OCT 07 2019



US POSTAGE >> PITNEY BOWES

ZIP 32083   $ 000.00°
02 1W
0001403605 OCT 01 2019