# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**WALLACE GARY COLLIER,**
**A.K.A. GARY WINTERS,**
**D.O.C. # 081345,**

      **Plaintiff,**

**vs.**                                 **Case No. 4:19cv53-RH-MAF**

**JULIE L. JONES,**
**WOODROW A. MYERS, and**
**CORIZON HEALTH SERVICES,**

      **Defendants.**
_____/

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff initiated this case in late January 2019.  ECF Nos. 1-3.  He was granted in forma pauperis status, ECF No. 5, and subsequently filed a second amended civil rights complaint in October 2019.  ECF No. 15. Service was directed and Defendant Julie Jones filed a motion to dismiss in August 2020, ECF No. 36.  Plaintiff filed opposition to that motion, ECF No. 40.  Thereafter, Defendant Jones filed a motion requesting leave to amend the motion to dismiss because it inadvertently responded to the original complaint, ECF No. 1, instead of the second amended complaint

[hereinafter "complaint"].  ECF No. 41.  That motion was granted, ECF No.
42, and Defendant Jones filed an amended motion to dismiss, ECF No. 44,
on September 11, 2020.  Plaintiff was directed to file a response to that
motion, ECF Nos. 45 and 48, and his response was timely filed, ECF No.
51.  The motion is ready for a ruling.

**Allegations of the Complaint, ECF No. 15[1]**

Plaintiff alleged that he was diagnosed with the Hepatitis C Virus
["HCV"] in May of 2007 while housed at Union Correctional Institution.  ECF
No. 15 at 6.  He says he was "mostly asymptomatic at the time" and began
"receiving cursory monitoring every six months" in the Chronic Illness Clinic
[CIC].  *Id.*

In 2014, a new treatment for HCV was released, known as "Direct
Acting Antivirals" (DAA), but it was expensive.  *Id.*  After Plaintiff learned
about the drug, he requested to see a specialist and receive treatment.  *Id.*
at 6-7.  His requests were repeatedly denied and doctors assured Plaintiff
that his "liver enzyme levels (AST/ALT) were good and there were no
indications of damage to his liver."  *Id.* at 7.

---

[1] As the pending motion to dismiss was filed by Defendant Jones, only the factual
allegations pertaining to that Defendant have been cited.

Case No. 4:19cv53-RH-MAF

Defendant Julie Jones "took over as Secretary of the FDC in January 2015." *Id.* at 7.  Plaintiff alleges that budget requests submitted by FDC Administrator Thomas Reimers put Defendant Jones on notice that inmates "were dying and money was needed to treat" the HCV epidemic.  *Id.* at 8. Plaintiff alleged that "Defendant Jones either personally denied the request for funds or otherwise approved the denial."  *Id.*  When Plaintiff spoke with his doctor about treatment with DAAs, he was told that it was expensive and neither FDC nor Corizon had made funding available.  *Id.*

After issuance of an order in another federal case requiring that treatment be provided for inmates with HCV, Plaintiff was given treatment in 2018.  *Id.* at 10-11.  He was unaware that his "liver was irreparably damaged by the HCV," until a fibrosis test revealed that "Plaintiff suffered from advance fibrosis of the liver."  *Id.* at 10.  He alleged that a test just "a few months earlier" in the CIC determined that his liver was "healthy."  *Id.* at 10-11.

Plaintiff contends that the denial of treatment caused his liver damage, and the denial of treatment was due to "the denial of funds" by Defendant Jones to purchase DAAs.  *Id.* at 11.  He alleged that Defendants chose to save costs "at the expense of the inmates health."  *Id.*  Plaintiff

further alleged that all Defendants were "personally aware of the thousands of HCV infected inmates in need of treatment" and were deliberately indifferent to his serious medical need.  *Id.* at 11-12.

Plaintiff has sued Defendant Jones in her individual capacity.  ECF No. 15 at 6.  As relief, he seeks compensatory and punitive damages.  *Id.* at 13.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955).[2]  "A claim has facial

---

[2] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 677 (citing Twombly, 550 U.S. at 556); *see also* Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010).  "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 556).  A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility."  Iqbal, 129 556 U.S. at 677 (quoting Twombly, 550 U.S. at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests.  Swierkiewicz v. Sorema, 534 U.S. 506, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  Pro se complaints are held to less stringent standards than

---

disbelief of a complaint's factual allegations."  Twombly, 127 S. Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

those drafted by an attorney.  <u>Wright v. Newsome</u>, 795 F.2d 964, 967 (11th Cir. 1986) (citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972)).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ."  <u>Dura Pharmaceuticals, Inc. v. Broudo</u>, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quoted in <u>Twombly</u>, 550 U.S. at 558).  The requirements of Rule 8 do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  <u>Iqbal</u>, 556 U.S. at 678-79, 129 S. Ct. at 1949.  A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  556 U.S. at 678, 129 S. Ct. at 1949.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting <u>Twombly</u>, 550 U.S. at 555). Thus, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."  <u>Davila v. Delta Air Lines, Inc.</u>, 326 F.3d 1183, 1185 (11th Cir. 2003).

One additional principle bears highlighting: a motion to dismiss does not test the truth of a complaint's factual allegations.  As noted above, factual allegations, though not legal conclusions, must be "accepted as true," Ashcroft, 556 U.S. at 678, 129 S. Ct. at 1949, even when they are "doubtful in fact."  Twombly, 550 U.S. at 555, 127 S. Ct. at 1965.  "Instead, it remains true, after Twombly and Iqbal as before, that 'federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later.'"  Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993) (quoted in Yawn v. Sec'y of Dep't of Corr., No. 5:13cv228-RH/EMT, 2017 WL 2691423, at *1 (N.D. Fla. June 21, 2017)).

**Analysis**

Defendant Jones argues that Plaintiff's complaint provides no factual allegations which support an individual capacity claim.  ECF No. 44 at 7.  Defendant contends that Plaintiff's allegations describe only conduct that was taken in her official capacity as the Secretary of the Florida Department of Corrections.  *Id.*  In particular, the claim against Defendant Jones is based on her decision to deny funding for the treatment of inmates with HCV.  *Id.* at 7-8.  Thus, Defendant Jones argues that because Plaintiff

has sued her in her individual capacity, he must have included "allegations which show conduct outside of the individual's official duties, otherwise they are not actionable under section 768.28(9)(a), Florida Statutes." *Id.* at 7.

Defendant Jones has confused claims brought under state law with federal civil rights claims brought under § 1983.  A civil rights complaint brought against a state official in his or her individual capacity seeks "to impose personal liability upon a government official for actions he takes under color of state law."  Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985) (citing Scheuer v. Rhodes, 416 U.S. 232, 237-238, 94 S. Ct. 1683, 1686-1687, 40 L. Ed. 2d 90 (1974)). "Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Graham, 473 U.S. at 165-66, 105 S. Ct. at 3105 (quoting Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n.55, 98 S. Ct. 2018, 2035, n.55, 56 L. Ed. 2d 611 1978)).  Defendant cites no authority for her contention that the actions must be separate from actions taken as part of her official duties, and that argument is rejected.  If the Secretary was aware of the need for medical care but established a policy of denying such

care based solely on costs, the Secretary may be held liable in her individual capacity.  *See* <u>Geftos v. Jones</u>, No. 2:17-CV-80-FTM-38CM, 2018 WL 1139055, at *3 (M.D. Fla. Mar. 2, 2018) (denying motion to dismiss filed by Secretary Jones prior to discovery based on claim that she employed a policy to deny surgery for hernia repair due to costs); <u>Gaines v. Jones</u>, No. 3:18-CV-1332-J-39PDB, 2019 WL 1400470, at *18 (M.D. Fla. Mar. 28, 2019) (denying Secretary Jones' motion to dismiss the individual capacity claims brought under § 1983 for failing to change certain policies and practices).

A § 1983 claim brought against Defendant Jones for actions taken in her capacity as Secretary may be brought as either an individual capacity claim, an official capacity claim, or both.  Here, Plaintiff brings an Eighth Amendment claim for deliberate indifference against the former Secretary in her individual capacity.  Although the basis for that claim is a policy decision made as Secretary, it is an appropriate basis for a claim brought against the Defendant in her individual capacity.  *See* <u>Geftos</u>, 2018 WL 1139055, at *3 (holding that an individual capacity claim should proceed against Secretary Jones in her individual capacity because it was "impossible to determine . . . what involvement or knowledge, if any, Jones

had in the promulgation or enforcement of the alleged policy to reduce costs or of Geftos' plea for medical care").  The motion to dismiss as to this argument should be denied.

   Defendant Jones also argues that Plaintiff presented only "threadbare allegations, conclusory statements" and insufficient facts to support his claim against her.  ECF No. 44 at 7-8.  She further contends that Plaintiff's assertion that she denied a budget funding request "is not a factual allegation, but a guess, a shot in the dark, pure supposition and conjecture."  ECF No. 44 at 10.  Defendants argues that such an assumption "does not provide a proper basis for bringing suit."  *Id.*

   Plaintiff's complaint alleged that Defendant Jones was on notice "that men were dying and money was needed to treat this epidemic of HCV infections, which included Plaintiff."  ECF No. 15 at 8.  Despite that knowledge, she "either personally denied the request for funds or otherwise approved the denial."  *Id.*  Plaintiff acknowledged that he would need discovery to determine "who denied" the necessary funds.  *Id.* Nevertheless, Plaintiff alleged that he was denied treatment for HCV and that Defendant's "custom and practice of non-treatment was the moving force behind Plaintiff's constitutional deprivation . . . ."  *Id.* at 11.  Those

facts, which must be accepted as true when ruling on a motion to dismiss, are sufficient at this stage of the litigation to state a claim.  HCV is a serious medical need for which treatment is required; refusing to provide an inmate with such treatment violates the Eighth Amendment.  *See* Furman v. Warden, 827 F. App'x 927, 934 (11th Cir. 2020) (holding that evidence of permanent liver damage from failure to provide treatment for HCV was more than a "de minimis" injury and prisoner was not precluded from seeking an award of compensatory and punitive damages).  The motion to dismiss should be denied as to this argument as well.

Defendant Jones also argues that liability must be "based on something more than a theory of respondeat superior."  ECF No. 44 at 11 (citation omitted).  It is true that a prison official cannot be named as a Defendant in a civil rights case merely because she has supervisory authority over others.  Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010). The doctrine of respondeat superior or vicarious liability does not provide a basis for recovery under § l983.  Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992); *see also* Collins v. City of Harker Heights, 503 U.S. 115, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992); Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986).

However, personal participation is not required for liability under § l983 so long as there is a causal connection between the Defendant and the injury allegedly sustained.  Am. Fed'n of Labor v. City of Miami, 637 F.3d 1178, 1190 (11th Cir. 2011).  "'A causal connection can be established if a supervisor has the ability to prevent or stop a known constitutional violation by exercising his supervisory authority and he fails to do so,' *id.,* or when 'a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so,' Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)."  Hayes v. Sec'y, Fla. Dep't of Children & Families, 563 F. App'x 701, 703 (11th Cir. 2014).  Here, Plaintiff has presented such allegations which provide a causal connection to Plaintiff's alleged harm.  In particular, Plaintiff alleged that Defendant's policy of not providing treatment for HCV due to the high cost of such treatment violated his Eighth Amendment rights.  The allegations are not based on a theory of respondeat superior and this argument should also be rejected.

Finally, Defendant Jones raises qualified immunity as a defense. ECF No. 44 at 14-16.  Qualified immunity provides "complete protection for government officials sued in their individual capacities as long as their

conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known."  Lee v. Ferraro, 284 F.3d 1188, 1193–94 (11th Cir.2002) (quotation marks and citation omitted).  It has been well established that costs for treatment "is not a factor which can justify the lack of timely medical treatment for" a prisoner's serious medical needs.  Fields v. Corizon Health, Inc., 490 F. App'x 174, 185 (11th Cir. 2012) (citing Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 705 (11th Cir. 1985) (finding that "[l]ack of funds for facilities cannot justify an unconstitutional lack of competent medical care and treatment for inmates")); *see also* Geftos, 2018 WL 1139055, at *4.  Accordingly, the motion to dismiss, ECF No. 44, should be denied as to this argument; Defendant Jones is not entitled to qualified immunity.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Defendant Jones' amended motion to dismiss, ECF No. 44, be **DENIED**, and the claims raised against her in Plaintiff's amended complaint, ECF No. 15, continue.  It is further **RECOMMENDED** that this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on February 17, 2021.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**